UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES HESTER, # 23227-047

        Plaintiff,

v.

        Case Number 17-11088
        Honorable Thomas L. Ludington

WILLIAM MALATINSKY, et al.,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff James Hester is an inmate currently confined at the Federal Correctional Institution in Milan, Michigan. On April 4, 2017, Plaintiff initiated the above-captioned *pro se* civil rights action by filing his complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. United States*, 403 U.S. 388 (1971). On April 11, 2017 Magistrate Judge R. Steven Whalen signed an order of deficiency because Plaintiff had failed to pay the required filing fee, or, in the alternative, to provide an application to proceed without prepayment of fees. Plaintiff responded by filing an application to proceed without prepayment of fees, which was granted on July 14, 2017. *See* ECF Nos. 6-8.

Also on April 11, 2017, the magistrate signed an order directing plaintiff to provide two additional copies of his complaint in order to effect proper service upon the defendants. *See* ECF No. 5. Plaintiff was directed to remedy the deficiency by May 11, 2017. To date, plaintiff has not complied with the Court's order.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon

him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

Because Plaintiff has not complied with the order directing him to provide copies needed to effect service upon the defendants, Plaintiff's complaint will be dismissed for want of prosecution. *See Erby v. Kula,* 113 F. App'x. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 F. App'x. 804, 805 (6th Cir. 2003).

Accordingly, it is **ORDERED** that Plaintiff's complaint is **SUMMARILY DISMISSED without prejudice.**

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                                      s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

Dated: July 14, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2017.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager